No. 36,741

In the Matter of the Estate of J. C. MARTENEY, Deceased. (AN-DREW MARTENEY, Administrator, ELLA MAE MARTENEY and MAE CHANEY, *Appellees*, v. RUBAH L. BRUNNERT EVANS, *Appellant.*)

(183 P. 2d 210)

Ross McCORMICK, judge. Opinion filed July 12, 1947.

*John C. Frank,* of Wichita, argued the cause, and *Dale M. Bryant,* and *Morris H. Cundiff,* both of Wichita, were with him on the briefs for the appellant.

*W. A. Kahrs,* of Wichita, argued the cause, and *Austin M. Cowan* and *Robert H. Nelson,* both of Wichita, were with him on the briefs for the administrator appellee; *Eli Eubanks,* of Wichita, was on the briefs for appellee Ella M. Marteney.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding for the determination of rights under a will. The trial court found in favor of the administrator and against one who claimed to be a devisee under the will. She has appealed.

The action originated in the probate court. Some procedural steps were taken before the petition to determine rights was filed. They will be noticed now. The will was offered for probate by Andrew Marteney, who alleged that he was an heir of deceased. The names of all his known heirs were set out, also that of his widow and of Rubah L. Brunnert Evans, who was the same person as Rubah L. Brunnert, who was named as executrix in the will. The petition alleged that she was not related to the decedent, and that it was to the best interests of the estate that Andrew Marteney be appointed administrator with the will annexed. There was no objection and the will was duly admitted to probate, and Marteney was appointed administrator with the will annexed.

The will first gave Ella M. Marteney, his widow, an undivided one-half interest in certain described property. Article 2 of the will was as follows:

"I hereby give, devise and bequeath to Rubah L. Brunnert the other undivided one-half interest in said property upon the terms and conditions hereinafter set forth, together with all my personal property.

"Under date of May 18, 1939, I entered into a contract with Rubah L. Brunnert whereby she agreed to take care of me during my old age and to pay my funeral expenses and expenses of my last sickness. The gift and devise herein made is upon the condition that she comply with said contract. If she does not do so, this clause should be void and the property herein given shall go to Ella M. Marteney."

The petition to probate the will was filed August 5, 1944. On August 7, 1944, Rubah L. Brunnert Evans filed a petition in probate court wherein she acquiesced in the terms of the will and agreed to perform the conditions required of her, that is, payment of the funeral expen-

ses, and she petitioned the court to make a finding upon the closing of the estate that she was entitled to the benefits under the will.

This petition does not seem to have been acted upon but on December 8, 1944, the administrator filed the petition upon which these proceedings are based. In this petition he first referred to the terms of the will, which we have already set out. He then pleaded that the will stated the bequest was made pursuant to a contract entered into May 19, 1939; that a controversy had arisen as to the extent of the personal property of the deceased, and that a controversy existed between the heirs at law of the testator and Rubah L. Brunnert Evans as to whether or not she had fulfilled the conditions of the devise; that it was necessary to sell personal property in order to meet obligations; that the selling of the personal property involved the rights of Rubah L. Brunnert Evans and the heirs at law of the deceased; that the funeral expenses and expenses of the last illness of deceased should be paid but the administrator could not determine whether the estate was liable for the payment thereof or whether under the terms of the will Rubah L. Brunnert Evans was liable, and that a determination should be made of the terms of the will in advance of the closing of the estate.

In answer to this petition, Mrs. Evans admitted the terms of the will and that she was to take care of testator during his last sickness and to pay the funeral expenses and expenses of his last sickness. She stated that she had fulfilled her contract with the exception of paying the funeral expenses, which she stood ready and willing to pay and would pay when advised of the amount or when instructed by the court to pay them.

The prayer of the answer was for a judgment establishing the will and decreeing that a half interest in the real property and all the personal property of deceased be set aside to her. The probate court denied the claims of Mrs. Evans. She appealed to the district court.

When the case came on for hearing, counsel for Mrs. Evans informed the court that she had offered to pay decedent's funeral expenses and expenses of his last sickness and thereupon in open court offered to pay the same on the court's instruction.

The district court found first that the will was duly admitted to probate and set out the paragraphs with which we are concerned. The court then stated that it had held during the trial that the burden of proof was upon the appellant to establish that she had performed each and all of the conditions on her part to be performed

before she was entitled to the legacy and devise. The court made the further findings of fact and conclusions of law:

"V.

"Said Rubah L. Brunnert failed to prove, by a preponderance of the evidence that she took care of the decedent during his old age and the court finds that she did not pay the funeral expenses as contemplated in the legacy and devise above quoted. That on the trial, however, by her attorney, she made an oral tender into 'court but did not make the tender good by offering the amount of money into court and that said tender had never been completed by a payment of the money into court; that the decedent died suddenly of a heart attack and there were no expenses of last sickness.

"VI.

"That at the time of his death said decedent was about 69 years of age living by himself in said city, and that said Rubah L. Brunnert lived in said city but at some distance, perhaps three miles, from where decedent was living and died.

"VII.

"That said alleged contract of May 18th, 1939, as mentioned in said will, was oral and was not properly proved by the claimant, Rubah L. Brunnert, to the satisfaction of the court."

The conclusions of law were as follows:

"I.

"That the conditions of Article II of said will was a condition precedent to the vesting of any right, title or interest in and to the property mentioned therein.

"II.

"That the said Rubah L. Brunnert in failing to prove to the satisfaction of the court the performance of the conditions mentioned in Article II, is not entitled to any right, title or interest in and to the property mentioned in sections I and II of said will."

Mrs. Evans filed motions for a new trial and for substitute findings of fact and conclusions of law. All her motions and objections were overruled and judgment was entered that she was not entitled to any interest in the property of deceased.

Appellant's specifications of error are that the trial court erred in overruling her demurrer to the administrator's evidence, in ruling that she had the burden of proof, in admitting incompetent testimony, in basing the judgment on incompetent, irrelevant and immaterial testimony, in refusing competent testimony offered by appellant, in requiring appellant to prove a contract which the administrator admitted in his pleadings, in refusing to make findings of fact and conclusions of law as requested by appellant, in making erroneous findings of fact and conclusions of law, in overruling appellant's

objections to findings of fact and conclusions of law and refusing her motion for additional and substituted findings and conclusions, in rendering judgment for the administrator and in overruling her motion for a new trial.

So that the legal questions involved may be better understood we shall set out some facts about which there is no serious dispute.

Deceased was sixty-nine years old when he died August 1, 1944. He made his will on July 25, 1939, or when he was sixty-four years old, the contract of which he spoke in his will was made May 18, 1939, or about two months before he made his will. He died suddenly from a heart attack, so there was no last illness. The real property to which he referred in his will was an apartment house. This apartment house contained nine apartments, including the one in which testator was living when he died. He could not read or write but could sign his name. About 1936 he hired appellant to manage these apartments; about 1938 he became estranged from his family and moved next door to the apartment house and made appellant's apartment his office during the daytime; in May, 1939, appellant went to work elsewhere and moved out of the apartment house; she continued to work for deceased after hours; she went back and forth; she never went back to live in the apartment house after she went to work for Mrs. Judd. At the date the will was made and on the date of the contract spoken of in the will she was working for Mrs. Judd and not living at the apartment house. About November, 1939, the testator requested her to put in her full time working for him, which she did. She continued to work full time for him until June, 1941, during that time testator paid her for her work; in February, 1941, he loaned her the money to buy the place where she was living at the time of his death and helped her in various ways, for which she paid him. In June, 1941, appellant married Doctor Evans, a friend of the decedent, and after that her social relations with testator were cordial.

At the trial appellant testified that after her marriage and until the death of the testator she continued to help him clean the apartments after vacancies, clean and redecorate his own apartment, make out rent receipts, keep his books and tax returns, conferred and advised with him, assisted him generally and did whatever he requested and received no pay from the testator during this period.

At the time of his death deceased had accumulated considerable other property besides the apartment house.

Appellant desired to administer the estate as executrix under the will but withdrew on the advice of the attorney for the administrator; the attorney for the administrator prepared and filed the petition, whereby she acquiesced in and consented to the terms of the will and offered to pay his funeral expenses. No claims for expenses of his last illness or funeral expenses were ever filed in the probate court and evidence as to the amount thereof was first offered in the district court.

In the brief of appellant filed in this court counsel make five points. They are as follows:

"I. The testator alone had the right to object if there was any breach or nonperformance of any conditions which he provided for his benefit during his lifetime, and he is presumed to have been satisfied with the performance of those conditions when he had it within his power at all times prior to his death to assert nonperformance or dissatisfaction by revoking his will, and did not do so.

"II. The burden of proof is on those who assert the happening of those conditions which the testator states are necessary to avoid the gift made under his will.

"III. It was error to require the respondent, appellant herein, to prove a contract with the testator when such contract and its terms are set out by the testator in his will, and more particularly when such contract is admitted by the administrator in his pleadings and not denied by any parties to this proceeding.

"IV. It was error to require the appellant to tender the amount of funeral expenses by payment of money into court when the amount of such expenses had never been filed or presented to her nor to the court prior to trial in the District Court, the amount and correctness of which, under such circumstances, would necessarily be an issue to be determined by the court in that trial.

"V. If the respondent, appellant herein, had any obligation to prove performance or satisfaction by the testator with her performance of any condition of his contract, she offered ample evidence thereof, which was in no way contradicted or refuted."

Appellant first argues that the trial court erred in holding that the burden was on her to prove that she had performed the conditions of the contract to "care for" testator during his "old age."

Her argument on this question is based on the theory that the testator alone had the right to object if there was any breach or nonperformance of any condition which he provided for his benefit during his lifetime and he is presumed to have been satisfied with the performance of these conditions when he had it within his power at all times prior to his death to assert nonperformance or dissatisfaction by revoking his will and he did not do so.

It should be remembered that at this time we are dealing with the condition of the bequest that Mrs. Evans would "care for" the testator during his "old age." There were other conditions which will be dealt with later in this opinion. The bequest to Mrs. Evans was at best only a conditional one. The testator, when he made the contract, was taking what precautions he could against an old age with no one to care for him. The question of whether old age was upon him when he died was one for the trial court to settle. In the first instance when the trial court found that Mrs. Evans had failed to establish by a preponderance of evidence that she took care of the decedent during his old age, it found in effect that old age had arrived for the testator before his death. The administrator simply set out the will, stated that a controversy had arisen and asked for instructions. Appellant answered that she had fulfilled her contract. The pleadings thus drawn made an issue of fact for the trial court. Under such circumstances, we have no difficulty in applying the rule set out in 13 C. J. 762, section 953. There it is said:

"A party alleging performance of a contract as a basis for recovery has the burden of proof, when such fact is put in issue. So where defendant pleads performance he assumes the burden of proof."

Once the issue was made whether Mrs. Evans had fulfilled the conditions of the contract the inquiry covered a broad field. Neither party was denied full opportunity to make a full and complete showing on this issue. We find no prejudice to appellant in the ruling that the burden of proof was on her to establish the performance of the conditions. The administrator did not plead that appellant had not performed the conditions. He merely pleaded the situation and asked for instructions. She pleaded performance and thereby assumed the burden.

Appellant next argues that it was error to require her to prove the contract with the testator when such contract and its terms were set out by the testator in his will, and the contract was admitted by the administrator in his pleadings and not denied by any of the parties.

This argument is well taken. The trial court found that "said alleged contract of May 18th, 1939, as mentioned in said will, was oral and was not properly proved by the claimant, Rubah L. Brunnert, to the satisfaction of the court." Up to that point in the trial, the judge of the trial court seems to have been the only person to question the fact of whether the contract was made. The testator, the person above all others who should have known, did not ques-

tion it because he made it the basis of the bequest to Mrs. Evans. The administrator did not dispute it as witnessed by his petition where he referred to it. No reason appears why the trial court should have required any proof or made any finding on this issue.

Appellant next argues that it was error to require her to tender the amount of funeral expenses into court when the amount of such expenses had never been presented to her nor to the court prior to the trial in district court. It will be remembered that the trial court after finding that appellant failed to prove by a preponderance of evidence that she took care of the decedent during his old age, went further and found that she did not pay the funeral expenses as contemplated in the legacy. The court did find, however, that she made an oral tender into court but did not make the tender good by offering the money into court. In the conclusions of law the court concluded that appellant in failing to prove the performance of the conditions was not entitled to any rights under the will. Just how much weight the trial court attached to the failure of appellant to pay the funeral expenses or make the tender of the money into court does not appear. The trial court might well have found that appellant did more than to make an oral tender of the amount of the funeral expenses. Two days after the petition to probate the will was filed she filed a petition in probate court in which she stated she agreed to pay the funeral expenses. There never was a time during the entire proceedings when there was any doubt about appellant's willingness to pay the funeral expenses if her contract with testator should be upheld. It was error for the trial court to require the actual tender into court of the amount of the funeral expenses as a condition precedent to Mrs. Evans taking under the will.

Appellant next argues that if she had any obligation to prove performance of her contract or satisfaction of the testator with it, she offered ample evidence thereof, which was not contradicted or refuted.

In this contract Mrs. Evans was to "care for" testator in his "old age." These are two terms which might receive different interpretations under different circumstances. What did the parties mean by "care for"? What did they mean by "old age"? When conducting a trial involving such terms a trial court must be vested with broad discretion. Here the inquiry was into just how much Mrs. Evans did for testator during the last years of his life. There was testimony both ways on that. The trial court was not obliged

to believe any of it even though not contradicted. Under our often-stated rule that we will not disturb a finding of fact where it is supported by substantial evidence we find ourselves unable to review the finding of fact to the effect that Mrs. Evans failed to prove by a preponderance of the evidence that she took care of the decedent during his old age.

Ordinarily the foregoing finding would be sufficient to support the conclusion of law that Mrs. Evans was not entitled to take under the terms of the will. There are other circumstances here, however. In the first place, the trial court had the erroneous idea that appellant must prove the contract since it found she did not prove it. Under all the facts and circumstances and from an examination of the entire record we are unable to ascertain just how much this erroneous theory influenced the trial court in reaching the decision on the general result.

The same may be said as to the finding of the trial court as to the funeral expenses.

There is one other matter we must notice. The administrator offered as a witness a woman who testified that she had been private secretary to her husband who had operated a detective agency. Over the objection of appellant she was permitted to testify that testator had come to their office and asked them to shadow a woman who was working for him and with whom he had quarreled because she was running around with a married man and that he said if she did not quit running around with this married man he was going to give her up. The implication in this evidence was that the woman he wanted shadowed was the appellant.

The testimony did not tend to prove or disprove any issue in the case. It was highly prejudicial and should not have been admitted.

One of the grounds for which a new trial was asked was erroneous admission of evidence.

The judgment of the trial court is reversed with directions to grant the appellant a new trial, in accordance with the views expressed herein.

HOCH, J., not participating.

SMITH, J. (concurring specially): I agree that this judgment should be reversed, but I do not think the correct disposition has been made of the appeal. I think judgment should be ordered for the appellant. Where the court went wrong was in connection with

the matters treated in the first paragraph of the syllabus and the corresponding part of the opinion.

There is a broad field for interpretation in the words "care for" and "old age." Only two persons really knew what was meant—the testator and Mrs. Evans. The testator could not testify, of course, but his approval and satisfaction with what Mrs. Evans had done for him was expressed in a manner which no one can dispute, his failure to change his will containing his bequest to her was additional proof. Perhaps he thought he had not reached "old age" yet. Perhaps he was satisfied with the care she was giving him. He had a right to give his property to whom he wished. He died suddenly in the possession of all his faculties. The way I look at it, he was satisfied with the way Mrs. Evans had treated him; to put it bluntly, it was no one else's business. Judgment should have been ordered for the appellant.

THIELE, J., concurs in the result.